# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**C.B.,**
**Petitioner Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-1150** (Putnam County 16-DV-177)

**B.B.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner C.B., by counsel James M. Pierson, appeals the Circuit Court of Putnam County's November 7, 2016, order denying her appeal of the Family Court of Putnam County's denial of her petition for a domestic violence protective order ("DVPO").[1] Respondent B.B., by counsel Gabrielle Mucciola, filed a response. On appeal, petitioner contends that the lower courts erred in denying her petition for a DVPO.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 9, 2016, the parties were at a facility for respondent to exercise his supervised visitation with the parties' child. Following the visitation, petitioner took the child to the car and was preparing to leave as respondent pulled his car close to petitioner's. Speaking to each other through their open car windows, respondent asked that petitioner seek dismissal of certain court orders in their related custody matter. Petitioner acknowledges that respondent did not get out of his car, did not raise his voice, and spoke in a conversational tone.

On June 13, 2016, petitioner filed a petition seeking a DVPO. An emergency DVPO was entered. Following a recusal, continuance, and transfer from Kanawha County to Putnam County, the Family Court of Putnam County held a hearing on petitioner's petition on August 9, 2016. At the hearing, petitioner testified regarding the incident on June 9, 2016. Petitioner stated that she was scared of respondent, that he had blocked her from leaving the facility on June 9,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

2016, and that she attempted to placate him by engaging in the conversation with him. Petitioner acknowledged that she did not ask respondent to move his car to let her leave. Although petitioner did not know whether respondent had a gun with him at this time, she testified that he characteristically carries one.

To substantiate her claim that she was fearful of respondent during this encounter, petitioner testified to incidents that occurred at some point in the past. Petitioner testified that respondent prevented her from exiting a room by physically blocking the door and slapping her hand away from a doorknob, and that he forced his way into her apartment and bedroom. Petitioner did not state when these other alleged incidents occurred and provided no additional detail than that recounted above. Petitioner did not seek a DVPO following these other alleged incidents. Petitioner also recounted instances where respondent attempted to communicate with her against her will: respondent "asked me if I wanted to go get coffee" on one occasion, "asked me if he could have my phone number" on a second occasion, and "told me he was trying to take [their son] to the beach with him and that if I wanted to FaceTime with him [sic]" on a third occasion.

Following the hearing, the family court denied the DVPO finding that petitioner failed to prove domestic violence or abuse by a preponderance of the evidence. Nonetheless, the emergency DVPO was continued pending an appellate ruling by the circuit court. On August 19, 2016, petitioner filed a petition for appeal in the circuit court. The circuit court denied petitioner's petition for appeal on November 7, 2016. It is from this order that petitioner appeals.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the circuit court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

On appeal, petitioner first argues that the "[c]ircuit [c]ourt erred in affirming the interpretation by the [f]amily [c]ourt of the statutory definition of the particular acts of domestic violence." Petitioner asserts that "[t]he [c]ourt simply relied upon the fact that there was no 'overt act' on the part of [respondent] that the [j]udge felt would have caused [petitioner] to be placed in fear."

Petitioner's brief, however, contains not one single citation to the record on appeal. There is no citation to the portion of the order of which petitioner complains, nor is there any specification as to whether the allegedly problematic finding occurs in the family court's order or the circuit court's order. Rule 10(c)(7) of the West Virginia Rules of Appellate procedure requires that a petitioner's argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." This Court "may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Moreover, petitioner's assignment of error implicates the family court's ruling as to whether respondent's conduct constituted

domestic violence, but petitioner failed to include the family court's order in her appendix record. This failure is in contravention of Rule 7(d), which requires the preparation and filing of an appendix containing, among other things, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal[.]" Due to these failures, we cannot address and decline to attempt to address this assignment of error.

Petitioner's second assignment of error is that the circuit court erred in affirming the denial of the DVPO. Although this assignment of error is deficient for the same reasons that petitioner's first assignment of error is deficient, the claim is capable of review based upon the limited materials submitted.[2] Petitioner claims that the lower court failed to properly consider the case of *Thomas v. Morris*, 224 W.Va. 661, 687 S.E.2d 760 (2009), which petitioner contends is similar to the matter at hand. Petitioner argues that, had the circuit court considered this case, it would have found that petitioner had reason to fear that respondent may harm her.

Upon review of the circuit court's order, we note at least one citation to *Morris*. Moreover, the fact that the outcome of petitioner's case was different from that in *Morris* is not, in and of itself, evidence that *Morris* was disregarded. Petitioner's situation was also markedly different from that presented in *Morris*. In *Morris*, which involved the issuance of a DVPO, Mr. Morris, who had previously been in a relationship with Ms. Thomas, circled Ms. Thomas's home for one to two hours; banged on the doors and windows during this time, including with a three-foot-long metal bar or pipe; and prevented Ms. Thomas from leaving the home by blocking her driveway with his car. *Id.* at 664, 687 S.E.2d at 763. In the two to three months preceding this incident, Mr. Morris had also called Ms. Thomas's home and work more than 150 times and appeared unannounced at her home and work. *Id.* at 664, 668, 687 S.E.2d at 763, 767. Here, respondent circled around to petitioner's car to discuss changing the conditions of their custody arrangement. Petitioner acknowledged that respondent maintained a conversational tone, did not attempt to get out of his vehicle, and made no threats. Petitioner never asked respondent to move his vehicle or let her leave; rather, she conversed with him and told him she would give thought to his request. There is also no evidence that respondent's prior communications with petitioner even remotely approached the frequency of Mr. Morris's communications with Ms. Thomas. Accordingly, we find that petitioner has failed to establish any error in the circuit court's affirmance of the family court order denying her petition for a DVPO.

For the foregoing reasons, we affirm the circuit court's November 7, 2016, order denying petitioner's petition for appeal.

Affirmed.

**ISSUED**: November 22, 2017

---

[2]Within this assignment of error, petitioner also asserts that "the [c]ourts below did not specifically determined [sic] that the lack of physical restraint was a prerequisite but it was inherent in the findings of the [c]ourt." Petitioner fails to point this Court to this "inherent" but inexplicit determination. This argument also implicates an order not included in petitioner's appendix. Thus, this particular argument will not be addressed.

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker